IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| PREMIER GENERAL HOLDINGS, LTD., | § § | BANKRUPTCY NO. 10-50606-LMC CHAPTER 7 PROCEEDING |
| DEBTOR | § | |

## DILLON AND DAVENPORT'S RESPONSE TO
## PREMIER GENERAL HOLDINGS, LTD'S MOTION TO DISMISS

TO THE HON. LEIF M. CLARK, UNITED STATES BANKRUPTCY JUDGE:

NOW COME Dillon Water Resources, LP (**"Dillon"**) and Dean Davenport (**"Davenport"**) (collectively the **"Petitioning Creditors"**) and file this Response to Premier General Holdings, Ltd.'s Motion to Dismiss, respectfully showing unto the Court as follows:

### I. Summary

1. This is Premier's second trip to bankruptcy court. As Premier's own appellate attorney, Doug Alexander, admitted in state court as recently as February 2, 2010, "we are currently operating with no stay in place." *See* Exhibit "A," Feb. 2, 2010 hearing transcript at p. 12, line 19 - 20. The Fourth Court of Appeals and Supreme Court of Texas have both denied Premier's requests to stay enforcement of the **$59,934,033.94** state court judgment. There can be no question that the state court judgment against Premier is not subject to a bona fide dispute for purposes of this involuntary proceeding.

2. Premier and its principal Mark Wynne know that Premier belongs in bankruptcy. In fact, they chose to file a voluntary Chapter 11 petition for Premier on the same day that Premier's answer was due in this involuntary Chapter 7 proceeding. Clearly, Premier filed its voluntary

Chapter 11 petition in an attempt to avoid or delay the appointment of a trustee through this involuntary Chapter 7 proceeding. A state court jury has already found that Premier and Mr. Wynne were part of a conspiracy to damage the Petitioning Creditors, that Wynne breached his fiduciary duties, and that Wynne and Premier acted with malice in the process. *See* Exhibit "B," Charge of Court. Premier simply cannot be left as a Chapter 11 debtor-in-possession under the direction and control of Mr. Wynne. An order for relief should issue here so that Premier remains in this Chapter 7 proceeding under the control of a duly appointed Chapter 7 Trustee.

3. Premier has also failed to file schedules or statements in connection with its own voluntary Chapter 11. This is despite the fact that Mr. Wynne admitted under oath to this Court in December 2009 that Premier had no bank accounts, no operations, and no employees. This begs the questions - if Premier has not bank accounts or operations, what is taking so long for it to file schedules and statements ?

## II. Procedural History for this Proceeding

4. On February 19, 2010, the Petitioning Creditors initiated this proceeding by filing an involuntary petition under Chapter 7 of the Code (the "Involuntary Proceeding").

5. On March 17, 2010, Premier filed an unverified Response to Involuntary Chapter 7 Petition and Motion to Dismiss. Pursuant to Local Bankruptcy Rule 7016, the Petitioning Creditors are entitled to twenty-one (21) days to respond to the Motion to Dismiss.

6. On the same day that Premier filed its Response and Motion to Dismiss this involuntary bankruptcy proceeding, it also filed a voluntary bankruptcy proceeding for itself under Chapter 11 of the Code (Case No. 10-51005) (the "Voluntary Proceeding"). To date, Premier has

not filed Schedules or Statements in connection with its Voluntary Proceeding. Both proceedings are now pending in this Court.

7. On March 22, 2010, Premier's counsel served a Notice of Expedited Hearing for the Motion to Dismiss, which scheduled an expedited hearing for March 30, 2010. Counsel for the Petitioning Creditors was out of the office on a family vacation from March 18 through March 26, 2010.

8. This Court received evidence and heard substantial testimony in connection with a prior involuntary bankruptcy petition filed against Premier in Bankruptcy Case No. 09-52647. Because this Court is familiar with that proceeding, the Petitioning Creditors will not repeat all of that procedural history herein. However, the Petitioning Creditors do ask this Court to take judicial notice of the pleadings, orders, transcripts and admitted evidence from the original involuntary proceeding, and ask this Court to take judicial notice of the pleadings and orders from the underlying state court proceeding in which the judgment was rendered.

### III. Arguments & Authorities

9. In its Motion to Dismiss, Premier raises one argument. It claims that this involuntary Chapter 7 proceeding should be dismissed because "of the pendency of the Chapter 11 Proceeding." Premier does not cite to any authority for this proposition, nor does it cite to any authority for any other type of dismissal.[1] In fact, the opposite has been held. In the case of *In re Lamb*, the bankruptcy court found that the debtor's "answer to the involuntary petition raises only one defense -

---

[1] To the extent that Premier is seeking dismissal pursuant to FRCP 12 (although its motions is silent), at least one other bankruptcy court in the Western District of Texas has found that this procedure is of limited value in the context of an involuntary proceeding and that the better course is proceed to trial. *See In re Rambo Imaging, LLP*, 2007 Bankr. LEXIS 3912 *43-44 (Bankr. W.D. Tex. 2007).

filing of the involuntary petition." *In re Lamb*, 40 BR 689, 693 (Bankr. E.D. Tenn. 1984) The Lamb court concluded that "**this is not a good defense**." *Id.* Other courts have also recognized that an involuntary petition does not automatically give way to a subsequently filed voluntary petition if "there is some question of the preservation of rights under the earlier involuntary petition." *In re Rodgers-Meyers Furniture Co.*, 46 F.2d 121 (N.D. Tex. 1931). See also *In re Anderson Motor Co.*, 18 F.2d 1001 (N.D. Tex. 1927); and *In re Descorp, Inc.*, 1992 U.S. Dist. LEXIS 1835 (E.D. Penn. 1992). In this case, Premier has not even filed its schedules or statements yet, and no 341 meeting has been held. Thus, the Petitioning Creditors are unable to determine if they are susceptible to prejudice by virtue of the filing date in the subsequent voluntary petition as opposed to the earlier filing date of the involuntary petition. If the Court does not enter an order for relief in this involuntary proceeding at this time, then it should still retain this involuntary proceeding until at least such time as the 341 meeting has been concluded and Premier has filed its schedules and statements in its voluntary proceeding.

10. Premier's Response to the Involuntary Petition also fails to comply with FRCP 8, which is made applicable to this involuntary proceeding through Bankruptcy Rules of Procedure 1018 and 7008. FRCP 8(b)(3) requires "**[a] party that intends in good faith to deny all the allegations of a pleading - including the jurisdictional grounds - may do so by general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted**."

11. In its Response, Premier **admits** the jurisdictional grounds, so it cannot possibly argue that it in good faith intended to deny **all** allegations as contemplated by the general denial option in FRCP 8(b)(3). At the same time, Premier failed to specifically deny the other allegations

in the Involuntary Petition. Therefore, pursuant to FRCP 8(b)(3) (which is specifically applicable to involuntary bankruptcy proceedings through Bankruptcy Rules 1018 and 7008), Premier has not properly denied or contested the allegations in the involuntary petition and an order for relief should be entered against it in this matter.

12. In addition to the defects in its response, as a matter of law Premier has clearly admitted that it does not have more than twelve creditors because the petition filed in its voluntary Chapter 11 only identifies five creditors (three of which are its attorneys), and Premier has not contested the number of creditors in its Response in accordance with Bankruptcy Rule 1003. Likewise, Premier's voluntary petition constitutes an admission of its inability to pay its debts. *See In re Rodgers-Meyers Furniture Co.* 46 F.2d at 122. Finally, Premier's own attorney has already admitted that the judgment is not stayed (see Exhibit "A" at p. 12, line 19 - 20). Thus, there is simply no question that "the debtor is generally not paying such debtor's debts as such debts become due" and no dispute that such debts are not subject to a bona fide dispute as to liability or amount. *See* 11 U.S.C. §303(h)(1).

13. At the trial of the first involuntary proceeding against Premier, this Court found that the procedural stay under Texas State law (Tex. R. Civ. P. 627) was still in effect at the time that petition was filed, and the presence of that stay subjected Petitioning Creditors' claim to a bona fide dispute. "<u>The only reason we didn't enter an involuntary petition in this case is because they missed it by one day.</u>" *See* Tr. Ruling of the Court, Dec. 16, 2009, p. 6, ln. 19-22. Between the dismissal of the first involuntary petition and the filing of the involuntary petition in this case, that procedural stay no longer exists. The Fourth Court of Appeals and the Supreme Court of Texas have both denied Premier's request to stay enforcement of the judgment, and the Debtor's own appellate

counsel has admitted that there is no stay in place. *See* Exhibit "A" at p. 12, line 19-20. For all these reasons, Premier's Motion to Dismiss should be denied and an order for relief should be issued in this Chapter 7 proceeding so that a trustee may be appointed as soon as possible.

## IV. Response to Allegations in Motion

14. Petitioning Creditors admit the allegations in paragraph 1 of Premier's pleading.

15. Petitioning Creditors admit that they filed the involuntary Chapter 7 petition on February 19, 2010. Petitioning Creditors' counsel sent courtesy copies of same to James Wilkins and Glenn Deadman, and asked if they would agree to accept service of same. Neither Mr. Wilkins nor Mr. Deadman responded to said request. Petitioning Creditors are without sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 2 of Premier's pleading.

16. Petitioning Creditors deny the allegations (to the extent they are even part of a motion to dismiss) in paragraph 3 of the pleading.

17. Petitioning Creditors admit that Premier filed a voluntary petition under Chapter 11 on or about March 17, 2010, in the Western District of Texas, San Antonio Division. Petitioning Creditors are without sufficient information or knowledge to form a belief as to the remaining allegations in paragraph 4 of Premier's pleading (to the extent such allegations are even part of a motion to dismiss).

18. Petitioning Creditors deny the allegations in paragraph 5 of Premier's pleading, and deny that Premier is entitled to any of the relief sought in its pleading.

**WHEREFORE, PREMISES CONSIDERED,** Dillon Water Resources, LP and Dean Davenport pray that this Court enter an order for relief finding Premier General Holdings, Ltd. to be a debtor

under Chapter 7 of the Bankruptcy Code, that Premier's Motion to Dismiss be denied, and that this Court grant them all other relief, at law or at equity, to which they may be justly entitled.

Respectfully submitted,

**PULMAN, CAPPUCCIO, PULLEN & BENSON, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
(210) 222-9494 Telephone
(210) 892-1610 Telecopier

By: _____
    Elliott S. Cappuccio
    ecappuccio@pulmanlaw.com
    Texas State Bar No. 24008419
    Lance H. Beshara
    Texas State Bar No. 24045492
    lbeshara@pulmanlaw.com
    Adam S. Block
    Texas State Bar No. 24066850
    ablock@pulmanlaw.com

**ATTORNEYS FOR DILLON WATER RESOURCES, LP**

**HALL AND BATES, LLP**
115 E. Travis, Suite 700
San Antonio, TX 78205
(210) 222-2000 Telephone
(210) 222-1156 Telecopier

By: _____ By permission
    Thomas C. Hall      Elliott Cappuccio
    Texas State Bar No. 08774550
    thall@hallandbates.com

**COUNSEL FOR DEAN DAVENPORT, INDIVIDUALLY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of March, 2010, a true and correct copy of the above and foregoing Response to Premier General Holdings, Ltd.'s Motion to Dismiss has been transmitted via electronic notification, fax, and/or United States First Class Mail, with sufficient postage affixed thereto, addressed as follows:

*Via ECF Notice*
*and Telecopier (210) 821-1114*
Mr. William B. Kingman
Law Offices of William B. Kingman, PC
4040 Broadway, Suite 450
San Antonio, TX 78209

_____
Elliott S. Cappuccio